UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

UNITED STATES DISTRICT COURT :
FOR THE DISTRICT OF CONN. DIV.
:
Armando Silvesrte-Contreras :
      Petitioner :
:
: Case No. 02-CR-276
v. :
: The Hon. Judge Dorsey
:
The United States Of : § 2255 Action
America    Case No. _____
:                 To Be Assigned
      Respondent :
: [A Simultaneous Submission]

FILED
2005 MAY 26 P 1:51
U.S. DISTRICT CT
NEW HAVEN, CT

## Motion For Clarification
## And Re-Consideration

¶HISTORIAL¶

    **COMES NOW**, the Petitioner in the above as of yet uncaptioned § 2255 Action and Petition as he has dilligently attempted to file with his original court of jurisdiction The US Dist. Ct. For D. Of Conn. , with said Petitioner being Armando Silvestre-Contreras as per the original case number 02-CR-276. He approaches the Court in Pro-Se fashion.

    The reasoning for the herein Motion for clarification lies in the fact that there obviously exists some type of misunderstanding as to the contents and intents of the Petitioner's recently filed § 2255 Action. This arises due to the fact that recently, and dated as emitted as a Mandate on 5/9/05, the Petitioner herein received a copy of a previously received MANDATE of the U.S. Court Of Appeals for the Second Circuit [as to case and appeal no. 04-0085-CR] which re-states...the fact that in that era of Aug. of 2004, the Hon. Court Of Appeals ORDERED that Mr. Silvestre's i.e. the Petitioner in the new § 2255 Action's former counsel, Mr. Moscowitz motion to withdraw pursuant to <u>Anders</u>, and the Government's desire for summary affirmance be GRANTED. And that the Government's desire for dismissal of the Petitioner's claims based on a "waiver" be honored.

-1-

  While the aforementioned may be well and good with regards to the <u>former</u> scenario's then validity; much has changed within the legal landscape since that time of the affirmation in August of 2004. With the advent of a variety of test cases[the material, reasoning and citations of which are readily viewable in the Petitioner's current § 2255 submission on file there within the courts] to include <u>Blakely</u>, <u>Booker</u>, <u>Fanfan</u>, <u>Shepard</u>,etc. and the discovery of the fact that the original court which sentenced the Petitioner **lacked jurusdiction to do so** and the fact that the "waiver" which the Petitioner then also ignorantly signed due to his lack of knowledge as to the law, <u>that this waiver is no longer valid as it violated</u> \*  <u>Due Proces and Public Policy in its true later ramifications</u>; it is then an **error** on behalf of the Hon. Courts of both the District and Circuit as named to have elected NOT TO ENTERTAIN the Petitioner's, current §2255 Petition as it contains both new..evidence and non-time barred, meritorious argument and fact. These facts override and negate the <u>Anders</u> Brief as submitted by then counsel Moscowitz (due to its contents not even treating the concepts of the Petitioner's current § 2255 Petition) and the fact the the waiver is no longer in effect, barring any attacks; especially of an unconstitutional sentence with a filed collateral within the prescribed one-year period of limitations (The Petitioner has until Aug. of 2005 to file in fact.) **\* See The Petitioner's present § 2255 application**

  Hence the Petitioner's herein respectful re-approach to the Courts(as sent in duplicate to both for clarity) so as to re-schedule his previously submitted § 2255 Action for review and decision.

### Conclusion

  The herein Petitioner, Mr. Silvestre hopes and prays that the explanation as included within this document will suffice in providing clarification as to the reasoning behind his currently pending §2255 Action. And, that the Honorable Courts would then examine the contents of same and proceed with a review and decision forthwith. To not entertain such which is now also within the time period as suggested by procedural rule for § 2255 would be contrary to the dictates of justice and fairness, thereby prejudicing and discriminating against the Petitioner, while selectively denying his rights to same.

                                                  Respectfully Submitted,

                                                  */s/ Armando Silvestre*

Date: 5-22 ,2005                    Armando Silvestre-Contreras
                                                REG# 14857-014
                                                FCI Schuylkill
                                                POB 759
                                                Minersville, Pa. 17954

                                                Enclosures:

## CERTIFICATE OF SERVICE

    I, Armando Silvestre-Contreras, the Petitioner do hereby swear to and affirm that I have sent a true and correct copy of my Motion For Clarification And Re-Consideration [As it pertains to my presently filed § 2255 Action and Petition] to the following addresses:

Clerk Of Court                                    Clerk Of Court
U.S. Second Circuit Court Of Appeal     US Dist. Court
1802 US Courthouse                          For The District Of CT
40 Centre St.                                       141 Church St.
NY, NY 10007-1502                             New Haven, CT 06510

                                                Respectfully Submitted,

                                                */s/ Armando Silvestre*

Dated: 5-23 ,2005                   Armando Silvestre-Contreras
                                                REG# 14857-014
                                                FCI Schuylkill
                                                POB 759
                                                Minersville, Pa. 17954



**MANDATE**

D.Conn.
02-cr-276
Dorsey, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the _6th_ day of _August_ two thousand four,

Present:
    Hon. Barrington D. Parker, Jr.,
    Hon. Reena Raggi,
    Hon. Peter W. Hall,
        *Circuit Judges.*



United States of America,
        Appellee,

v.                                            04-0085-*cr*

Armando Silvestre-Contreras,
        Defendant-Appellant.

Michael L. Moscowitz, Esq., appellant's counsel, moves to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967), from representing the above-captioned appeal. The Government moves to dismiss the appeal, or, alternatively, for summary affirmance. Upon due consideration, it is ORDERED that Moscowitz's motion to withdraw pursuant to *Anders* and the Government's motion for summary affirmance are granted. It is further ORDERED that the Government's motion to dismiss based on the appeal waiver is denied as moot.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Richard Alcantara*
Richard Alcantara, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK

ISSUED AS MANDATE: 5/9/05

```
                                        Armando Silvestre
                                        REG# 1485 57-014

                                        F.C.I. Schuylkill
                                        POB 759
                                        Minersville, Pa. 17954


                                        Date: May 23   ,2005

Clerk Of Court
U.S. Dist. Court
For The Dist. Of Ct.                    Action No. To Be Assigned
141 Church St.
New Haven, Ct. 06510                           §2255

                                        Supplemental Grounds Submission
```

Dear Madam Or Sir Clerk:

    In continuance with my responsibilities in reference to Rule 28(j) and via Rule 15 of Federal Procedure, etc. in regards to my currently active, filed, docketed and as of present, yet undecided §2255 Action/Petition, please properly file and docket the below, ADDITIONAL Grounds for relief to said Action/Petition. This issue has only presently and recently been brought to my considered attention through legal research and the latest in case law related thereto as I proceed with my Pro-Se litigation in the above captioned matter. Additional Grounds Supporting case law, decisions, citations and alike will be forthcoming as they are emitted from the corresponding Circuit Courts, The U.S. Supreme Courts, etc. Many such cases are now pending in these areas for same, as justice evolves with regards to enhancement and "priors" related topics for sentence calculation(s).

    The sum total of which; the herein and my conplete grounds as submitted and docketed also serving to HEREBY PRESERVE MY RIGHTS FOR SAME upon the "recall of the mandate" and alike or other happenings as based upon all future developments thereto in my case and appeals action(s).

    Thanking you for your kind consideration and compliance, I remain ...

Respectfully Yours,

*Armando Silvestre*
Sign & Print_____


FCI Schuylkill
Minersville, Pa. 17954

Enclosure: Additional Ground; <u>Jurisdiction</u>

SUPPLEMENTAL ADDITIONAL GROUND(S)

Name: Armando Silvestre

Reg#: 14857-014

FCI Schuylkill
POB 759
Minersville, Pa. 17954

Action No. §2255

To Be Assigned

Type

Date: May 23, 2005

**Additional Ground: "Jurisdiction"**   The original sentencing court and judge lacked jurisdiction to sentence the Petitioner as it did.

    The orginal sentencing Court **lacked jurisdiction**; a <u>never time barred</u> issue and concept for remedy and redress, **for sentencing** in the Petitioner's herein original adjudication due to the fact that the judge and then fact-finder **did not** apply the same, as now required (beyond a reasonable doubt, as opposed to by simple preponderance of the evidence standards) **jury-like** standards to his the case-related decisions as to the applications and use(s) of "enhancements" and "priors" for use in the calculation of the final sentence as given to the Petitioner, and as Ordered. i.e. This would have required the presiding and sentencing judge to exercise "beyond a reasonable doubt" jury standards proof in order to properly qualify for the use of these same "facts" as being essential to a or for in better said, the Petitioner's given sentence term. The judge did NOT do this. Therefore the court and via the construed actions of the sentencing judge, **the court lacked jurisdiction** to sentence the Petitioner as it did. i.e. the court <u>cannot</u> use any data not in the indictment, and then use it to enhance the Petitioner's sentence in any way.

    A defendant(and the Petitioner to be understood in this case) **cannot consent to a change in the burden of proof standard** (i.e. beyond a reasonable doubt standard, etc.) as now implied by <u>Blakely</u>, <u>Booker</u>, <u>Fanfan</u>, <u>In re Winship</u>, <u>Bousley</u>, <u>Glover</u>, <u>Baily</u> and <u>Shepard</u>. Not by Plea Agreement or by Waiver; especially if he, the then defendant and in this case, now Petitioner does not know, never knew or was never informed of his constitutional rights to same protections [as established on the record that he was informed of same] as is the case with <u>Blakely</u> and the principles which arose from it, and the since additional test cases which affirm it. (See Attached Memorandum Of Law in the original Action above's submission, etc.) With additional case law and likewise supporting materials forthcoming.

-1-

The date on which the aforementioned actual, and the extrapolated upon, interdependant facts which support the Petitioner's claims as per his just submitted application and Motion under 28 U.S.C. § 2255 (See Original) occured only then, at the time of the aforementioned U.S. Supreme Court edicts surrounding the enhancement and priors related decisions and disputes, and the related case law revisions which are still in plain development and evolution themselves. Only then could the exercise of due dilligence lead to the discovery of the pertinance of it all as it relates to the present unconstitutionally enhanced § 2255 Petitioner. Hence, his present submission of meritorious arguments and claims thereto. All of which in both the preceeding and the to follow, make the Petitioner eligible for successful § 2255 consideration and ruling. This being well-within the prescribed time frame of one year from said effecting decisions and the appeals procedural concerns which are active thereto.

    Limited case law has been cited within the parameters of the herein discussion, not in violation of suggested policy in the Petitioner's response; but rather due to the fact that new changes in the law, as per the also fact of evolving case law, and the fact that the modification(s) of the U.S. Sentencing Guidelines which also sprang from the law and rules for sentencing...now dictates a detailed, convincing and adequately inclusive explanation of _all_ of the facts and illustrations surrounding the vital question of improper enhancement based sentencing abuses which have grossly and gravely effected tens of thousands of federal inmates, and not just those on Direct Appeal. These changes in the law and thier interpretation and use having taken place _since_ the Petitioner's sentence was improperly rendered.

    One of the major issues here concerns the actual "jurisdiction" of the court and judge which originally sentenced the present § 2255 Petitioner. _In fact, they did not have jurisdiction to sentence him._

    Jurisdiction can be raised at any time, and addressed by federal courts at any time on their own motion. See <u>McGrath v. Krislensen</u>, 340 U.S. 162 (1950). Jurisdiction cannot be waived and cannot be conferred upon a federal district court by consent, inaction or stipulation. See <u>California v. La Rue</u>, 409 U.S. 109, 112, 93 S. Ct. 390, 34 L. Ed. 2d 342 (1972).

    Also, the U.S. Court Of Appeals for the Fifth Circuit previously held that an Apprendi error involving the failure to charge drug quantity in the Indictment and submit it to the jury (or to its standards) for proof beyond a reasonable doubt

-5- (of full work)

is a jurisdictional error or defect. See U.S. v. Gonzales, 259 F.3d 355, 360 (5th Cir. 2001). See Also U.S. v. Baptiste, 264 F.3d 578, 393 (5th Cir. 2001).

In both Gonzales and Baptiste cases the government failed to charge drug quantity in the Indictment or submit it to the jury for proof standards application(s). The court held that such a failure is indeed jurisdictional in nature and therefore evidence adduced at trial supporting(or at adjudication passes in Plea Bargains/Ageements) the durg quantity, or even stipulations as to drug quantity made by the defendant. ARE NOT RELEVANT to the analysis of a claim of such failure. In other words, the court in the case of a trial, cannot look to what drug amount, leadership role, monetary amount, etc., or to anything which amounts to an enhancement from the"Base Offense Level'. Anything as was claimed by the involvement of the government and witnesses in reviewing a claim under Blakely/Apprendi. Nor can a court in a GUILTY PLEA , USE the defendant's admission to a drug quantity, or other such enhancement factor (as the Petitioner's herein... points), or to anything not alleged in the Indictment, YET used for enhancement beyond the Base Offense Level.

The orginal sentencing Court **lacked jurisdiction**; a never time barred issue and concept for remedy and redress, **for sentencing** in the Petitioner's herein original adjudication due to the fact that the judge and then fact-finder **did not** apply the same, as now required (beyond a reasonable doubt, as opposed to by simple preponderance of the evidence standards) **jury-like** standards to his the case-related decisions as to the applications and use(s) of "enhancements" and "priors" for use in the calculation of the final sentence as given to the Petitioner, and as Ordered. i.e. This would have required the presiding and sentencing judge to exercise "beyond a reasonable doubt" jury standards proof in order to properly qualify for the use of these same "facts" as being essential to a or for in better said, the Petitioner's given sentence term. The judge did NOT do this. Therefore the court and via the construed actions of the sentencing judge, **the court lacked jurisdiction** to sentence the Petitioner as it did.

A defendant(and the Petitioner to be understood in this case) **cannot consent to a change in the burden of proof standard** (i.e. beyond a reasonable doubt standard, etc.) as now implied by Blakely, Booker, Fanfan, In re Winship, Bousley, Glover, Baily and Shepard. Not by Plea Agreement or by Waiver; especially if he, the then defendant and in this case, now Petitioner does not know, never knew or was never informed of his constitutional rights to same protections [as established on the record that he was informed of same] as is the case with Blakely and the principles which arose from it, and the since additional test cases which affirm it. (See Attached Memorandum Of Law in the original Action above's submission, etc.) With additional case law and likewise supporting materials forthcoming.

Additional cases and related material used in principle, theory, practice and conceptual applications for the herein captioned Appeals Action as mentioned and the corresponding grounds as associated with the arguments expounded upon therein.

---

1) Cerna-Salguero v. US, Pet. for writ of cert. US S.Ct. March 17, 2005
   Cite: 2005 WL 486707

2) People v. Garcia, 815 P. 2d 937, 940-41(Colo. 19991)

3) Crawford v. Wash., No. 02-9410 March 8, 2004

4) U.S. v. Greer, 4:04-CR-06(CDL) [USDC GA] 2005 U.S. Dist. Lexis 2796 Feb.17,2005

5) US v. Leach, 02-172-14 2004 US Dist. Lexis 13291 (July 13, 2004)

6) US v. Wash., No. 03-4867 (USC Of Appeals 4th Cir.)

7) Shepard v. US, 125 S. Ct. 1254 (2005) 2005 WL 516494

8) U.S. v. Antonakopoulos, No. 03-1384 2005 WL 407365 at 7-8 (1st Cir. 2005)

9) US v. Dunmire, DC No. 02-CR-40145-02-SAC; Appeals No. 04-3002 US 10th Circuit

10) US v. Arras, 373 F. #d 1071 (10th Cir. 2004)

11) US v. Stockton, 968 F. 2d 715, 721 (8th Cir. 92)

12) US v. Andruska, 964 F.2d 640, 646-47 (7th Cir. 92)

13) US v. Molina, 963 F. Supp. 213, 215 (ED NY 97)