IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| ARMANDO SILVESTRE-CONTRERAS | * | |
| Petitioner | * | |
| | * | Civil No. |
| vs. | * | Criminal No. 3:02-CR-276 |
| UNITED STATES OF AMERICA | * | Honorable Peter C. Dorsey |
| Respondant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

PETITIONERS MOTION TO SUPPLEMENT
HIS TIMELY FILED 28 U.S.C. §2255 MOTION
PURSUANT TO FED. RULES OF CIVIL PROCEDURE
RULE 15.

Respectfully Submitted,
Armando Silvestre
Armando Silvestre-Contreras
I.D. #14857-014
FCI Schuylkill
P.O. Box 759
Minersville, PA.
17954-0759

Dated: 7-20 ,2005

Comes now Armando Silvestre-Contreras, Pro Se and respectfully moves the court to supplement his §2255 motion filed before this court on or about 02-25-2005.

Since the court has not moved this matter with a rule to show cause, therefore the government has not answered. No permission is needed for this motion.

The Petitioner inexpertly filed his §2255 motion on or about 02-22-2005 and received on the courts docket on 02-25-2005. Petitioner raised several points consisting of ineffective assistance of counsel.

One, counsel failure to proffer any supporting evidence or defense towards Petitioner's 5K1.1 motion, two, counsels failure during the plea and with the plea; three, **Booker** type claims, four, criminal history points errors.

The Petitioner now moves the court with additional information and supportive law relating back to said claims.

## SUMMARY OF ARGUMENT

The Petitioner shall assert with supporting law, counsel rendered substandard assistance, such that offends the Sixth Amendment of the United States Constitution and the Fifth Amendment due process clause.

The Petitioner asserts several points where counsel failed to properly raise and preserve several claims and thus waived them, subjecting Petitioner to a sentence much higher than otherwise would be applicable. The cumulative effect of these errors and errors on appeal violated Petitioner's substantial constitutional rights.

## INEFFECTIVE COUNSEL

To prevail on a claim of ineffective assistance of counsel Appellant must;

> "Show that his attorney's performance fell outside the wide range of prefessionally competent assistance, and that deficient performance resulted in prejudice, which the Supreme Court had defined as a reasonable probability that, but for counsels unprofessional errors, the result of the proceeding would have been different".
>
> **United States v. Roberson**, 194 F.3d 408, (3rd Cir. 1998)citing **Strickland v. Washington**, 466 U.S. 668 (1984). See also, **United States v. Kaufman**, 109 F.3d 186 (3rd Cir. 1997) thus, Appellant must "only show that his counsels performance objectively unreasonable but also that it prejudiced his case". **Coss v. Lackawanna County District Attorney.**, 204 F3d 453 (3rd Cir. 2000).

To prevail, the Movant claimed errors of law must be constitutional, jurisdictional. A fundamental defect which inherently results in a complete miscarriage of justice, or an ommission inconsistent with the rudimentary demands of fair procedure. **Hill v. United States**, 368 U.S. 424, 428 82. S.Ct. 468, 471 (1962); also: **United States v. Essig**, 10 F.3d 968, 977 n.25 (3rd Cir. 1993). The standard for evaluating claims of ineffective assistance of counsel were set forth in **Strickland v. Washington**, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).

First, the defendant must show that counsels performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsels errors were so serious as to deprive the defendant of a fair

trial, a trial whose result is reliable. <u>Strickland</u>, 466 U.S. at 687, 104 S.Ct. at 2064, specified that an unreliable result means "that there is reasonable probability that, but for counsels unprofessional errors, that result of the proceeding would have been different. A reasonable probability is a sufficient to undermine confidence in the outcome". Id. at 694, 104 S.Ct. at 2068. The defendant must show that counsels performance fell below an objective standard of reasonableness under the prevailing performance norms. Id at 688, 104 S.Ct. at 2064-65. The reviewing court must be highly differential in evaluating counsels performance and must indulge a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. at 699, 104 S.Ct. at 2065. The sentence is in opposition to what the 4th Circuit reiterated in <u>United States v. Smith</u>, 62 F.3d 641 (4th Cir. 1993); <u>United States v. Stockstill</u>, 26 F.3d 492, 498 (4th Cir. 1994). Thus, these issues are in proper forum via 28 U.S.C. §2255. A more than reasonable probability exists counsel was ineffective and prejudiced the Petitioner. The Petitioner asserts his issues with the case cites, demonstrating the loss of substantial rights, requiring Remand for resentencing and/or evidentiary hearing. See: <u>United States v. Bannerman</u>, 97, 7068 (4th Cir. 1998) and <u>United States v. Falesbork</u>, 97, 7079 (4th Cir. 1998) reinstating §2255 Motions. Coupled with <u>Peters v. United States</u>, ___F3d___, (7th Cir. 1998 - decided 10-28-1998 reversed on ineffective at guilty plea.

### Claim One

The Petitioner asserts since filing his §2255 motion, the 2nd Circuit has ruled in <u>United States v. Crosby</u>, No. 03-1675 substantial procedures for applying <u>Booker</u> type claims, and how to handle guideline

cases in the wake of <u>Booker</u> under the new advisory system. Following the <u>Crosby</u> decision the First Circuit decided <u>U.S. v. Antonakopoulos</u>, 1384, decided 02-22-2005.

The holdings of these decisions are essential to Petitioner's claims and should provide grounds for the relief. Both courts held for an alleged <u>Booker</u> error, based on sentencing under a mandatory guidelines system, to amount to plain error, the defendant must point to circumstances creating a reasonable probability that the District Court would impose a different sentence more favorable to the defendant under new guidelines system.

The Petitioner asserts that this court was frustrated with the guidelines process and wanted to give a lessor sentence.

<u>See Sentencing Transcript pages 4-6</u>;

THE COURT: No, and I'll tell you, in all candor, that my sense of Mr. Gustafson has always been that if there's any question about the propriety of a proffer, the benefit of the doubt will flow to your client, and I get frustrated, frankly because I don't agree with the motion process.

I don't think, with all due respect to Mr. Gustafson, that the government should have the opportunity to determine the validity of a proffer in an absolute sense, because to me, if somebody determines to be cooperative and provides information short of what the motion criteria amounts to or specifies, I would give the defendant credit for that on two scores.

One, that the going beyond the acceptance of responsibility, the impropriety of the ways of the hoodlum element becomes apparent; and

secondly, it suggests that although it may be it's purely for convenience and self-serving purposes, maybe even indeed restricted to this case, the fact is that at least to some extent is a suggestion of, what shall I call it, the necessity of complying with the standard of behavior that the community requires, and to which it's entitled, and that's something that I think should be given credit.

Now, I could do something, maybe, with that in some instances. I can't here because I got a mandatory minimum to cope with, and my inclination, since I have so little discretion as a consequence, is suggest that we transport him to Washington, let Congress sentence him, because frankly, that's what they've done with the mandatory minimum, and like anything else, things like mandatory minimums don't adequately accommodate sometimes tiny differentiations, but nonetheless sometimes significant differentiations between different people, and in this particular instance, Mr. Monetssi and I don't have the ability to really assess whether there is something different about Mr. Silvestre-Contraras to warrent some different treatment than the mandatory minimum would require.

So, under the circumstances, the amount of drugs being unquestioned, and the mandatory minimum thus being applicable, there's not much I can do except to have a nice chat with you and Mr. Gustafson, reflecting my frustration and accepting yours on behalf of the defendant.

Don't get me wrong, I think what he's done requires a substantuial penalty, but on the other hand, I'm not convinced that a mandatory minimum is required in this instance, but I have no choice in the matter, which is frustrating to me.

The Petitioner has met the points as demonstrated in **Crosby** and **Antonakopoulos**. This court wanted to depart in light of Petitioner's substantial cooperation. Coupled with the Petitioner almost lost his life to the individual involved in this case. For instance the loss of one eye, and brain damage. Also the Petitioner has continued to co-operate and give the government the people who tried to kill him. There is no excuse for counsels failure to bring all the information to the courts attention and to also move the court for departure based upon the Petitioner's tramatic loss.

Petitioner has attached herewith his letters in support of cooperation on a continued basis. Counsel rendered substantial ineffectiveness. But for his inactions a lessor sentence would have been received under the circumstances. It is suggested this court can now hold an evidentiary hearing and determine if a departure is warrented.

While several courts have held that **Apprendi** is not retroactively applicable on collateral review, this does not proclude a claim of ineffective assistance of counsel for failure to raise an **Apprendi** issue. Cf. **United States v. Williamson**, 183 F.3d 458, 462 (5th Cir. 1999)(holding that counsel was deficient because he did not "keep abreast of legal developments related to [a] case" which would have revealed a solid and meritorious appellate issue); **Rios-Delgado v. United States**, 117 F.Supp. 2d 581; 2000 U.S. dist. LEXIS 15167 (WD TX 2000)(counsel's failure to timely raise sentencing issue was below the objective standard of **Strickland**, even though the issue would have been denied by District Court, because similar issue was being reviewed by Court of Appeals and "reasonable probability" law could change in defendant's favor); **Moreno v. United States**, 2001 U.S. Dist. LEXIS 12079 (ED NY 9-3-01)(ineffective assistance

of counsel claim, based on counsel's failure to argue **Apprendi**, distinct from substantive claim of violation of rights under **Apprendi**.

In regards to the aforementioned law, Petitioner has stated a viable and cognizable Claim(s) towards ineffective assistance of counsel.

Counsels filing of an **Anders** brief was a complete failure of service to his client. In regards to claims <u>two</u>, <u>three</u> and <u>four</u>, based upon the attached letters and medical records it is clear a much more in depth argument should have been put on the record by counsel, explaining his understandings of the plea, the §5K1.1 motion and Petitioner's mental health, coupled with losses.

In light of the United States Supreme Court ruling in **Booker v. United States**, this matter deserves an evidentiary hearing.

## CONCLUSION

Wherefore, based upon the above arguments this motion should be allowed to proceed. New counsel appointed and an evidentiary hearing scheduled.

> Respectfully Submitted,
> Armando Silvestre
> Armando Silvestre-Contraras
> I.D. #14857-014
> FCI Schuylkill
> P.O. Box 759
> Minersville, PA.
> 17954-0759

Dated: 7-20 ,2005

## CERTIFICATE OF SERVICE

I, Armando Silvestre-Contreras, hereby certify that I have caused to be served a true and correct copy of the attached Motion to supplement my §2255 by depositing same in the United States Mail, postage prepaid on 20 day of July, 2005, addressed to the following:

PETER D. MARKLE A.U.S.A.
U.S ATTORNEY'S OFFICE
157 CHURCH STREET
NEW HAVEN , CT.
06510

Respectfully Submitted,
Armando Silvestre
Armando Silvestre-Contreras
I.D. #14857-014
FCI Schuylkill
P.O. Box 759
Minersville, PA.
    17954-0759