IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
(New Haven Division)

| | | |
|---|---|---|
| ARMANDO SILVESTRE-CONTRERAS, | ) | |
| Petitioner, | ) | Crim. No. 3:02-CR-276 |
| v. | ) | The Honorable Peter C. Dorsey |
| UNITED STATES OF AMERICA, | ) | U.S. Dist. Ct. Judge |
| Respondent. | ) | |

**Petitioner's Supplement To His Pending Motion Before The Court Pursuant To 28 U.S.C. § 2255**

### Introduction

COMES NOW, the Petitioner, Armando Silvestre-Contreras, pro se and respectfully moves the court with this supplement to his pending 28 U.S.C. § 2255 motion before the court.

This court ORDERED on or about January 30, 2006, that the Petitioner's motion to supplement his 28 U.S.C. § 2255 motion is GRANTED, and therein shall supplement said § 2255 motion on or before February 13, 2006.

### Supplemental Argument

The Petitioner asserts since his case is post-Apprendi, he should have been considered for said language in his sentencing

proceedings. Counsel was obviously ineffective for failing to assert and preserve **Apprendi** like claims.

It is the Petitioner's position and claim, his sentence is in violation of the **Booker** doctrine and he should be remanded for an evidentiary hearing for several reasons that are borne out of counsel's failure to utilize the law at the time of sentencing.

A. Counsel could have asserted severe diminished capacity since Petitioner was shot through his head and lost an eye. Under the new guidelines (advisory), the court could have more broadly and less constrained, given a downward departure for severe diminished capacity.

B. Had counsel perfected an appeal, the U.S. Court of Appeals for the Second Circuit's guidence in **U.S. v. Crosby**, No. 03-1675 would have offered a remand under more favorable circumstances.

C. Petitioner's extensive acceptance of responsibilty was not given proper consideration. In light of these claims, counsel was ineffective.

The Petitioner has filed two (2) supplemental motion since his initial filing, he now most respectfully moves this Honorable court to incorperate them into the official record and reiterates his second supplement herein, as his supplement

-2-

along with "A & B" stated herein. (The first supplement contains specific language that should be allowed to remand).

The Petitioner asserts the court was frustrated with the guidelines and it could have, it would have sentenced otherwise. Based upon the following cases, the court should fully consider this president law in making its determination. This case falls squarely on the **Post-Booker** sentencing world. The Petitioner's main reliance is deeply rooted in **United States v. Cordoba**, case No. 04-3131-Cr-(L), 03-3550-CR-(CON), and 04-3554-CR-(CON), decided by the U.S. Court of Appeals (for the Second Circuit) on September 7, 2005, -- after Petitioner's initial filings.

See, **Cordoba**, at # 7.

Although we have never squarley addressed the question presented here, prior decisions of our court make clear that (1) drug quantity is an element of the crime defined by Title 21 U.S.C. § 841, and (2) the absence of an indictment constitutes a jurisdictional defect and cannot be waived by a guilty plea.

Considering both of these lines of precedent, we conclude that when a defendant is indicted for a violation of Title 21 U.S.C. § 841 without a specified quantity of drugs, the defendant's allocution to a particular quantity cannot serve to waive the faliure to indict him for a separate crime of violation of § 841 with a particular quantity of drugs.

Accordingly, the defendant/Petitioner cannot be sentenced to

a term of imprisonment greater than the statutory maximum set forth in §841(b)(1)(C) for violation of §841(a) without a specified quantity.

The rule that drug quantity is an element of any crime charged under 21 U.S.C. §841 stems from **Apprendi** and **Thomas**. As we stated in **Thomas**, "because the quantity of drugs involved in a crime may raise a defendant's sentence above the statutory maximum established in 21 U.S.C. §841(b)(1)(C), quantity is an element of the offense charged under 21 U.S.C. §841." 274 F.3d at 663; see also, e.g., **Sattazahn v. Pennsylvania**, 537 U.S. 101, 111 (2003)(plurality opinion of Scalia, J.)("Put simply, if the existance of any fact (other than a prior conviction) increases the maximum punishment that may be imposed on a defendant, that fact- no matter how the State labels it— constitutes an element, and must be found by a jury beyond a reasonable doubt.") We recently reviewed this rule and confirmed that "[t]his court has recognized the addition of a drug quantity element to a §841(a) offense to result in a different criminal charge from the same offense pleaded without regard to quantity." **United States v. Gonzalez**, No. 03-1356, 2005 U.S. App. LEXIS 17961, at *31 (2d Cir. Aug. 22, 2005).

The **Cordoba** court makes clear if a defendant is indicted for lets say 5 kilos, and then sentenced for 50 to 150 kilograms and murder or other enhancements, he is effectively being sentenced for crimes without an indictment. The defendant did not stipulate to any enhancements, the jury did not render a verdict for any enhancements outside the original indictment. It would seem to be in light of this second circuit ruling (Crodoba), the United States has only jurisdiction in the instant case for a sentence consisting of the actual charges in the indictment. Any other conduct enhanced, would be for aggravating conduct

-4-

outside the indictment and present a substantial jurisdictional question. The prejudice this caused is quite substantial.

Accordingly, defendant's sentence presently is for an indictment that does not exist, and is a non-waivable claim. The law in question this circuit based its reasoning upon stems from a 1975 ruling in **United States v. Macklin**, 523 F.2d 193 (2nd Cir. 1975). This claim is not late nor premature.

## FROM THE OTHER PERSPECTIVE

In the instant case the courts ruling that its drug quantity determinations were valid coupled with its determinations of other "aggravated factors" as proper enhancements are dead wrong. The Second Circuit in **United States v. Gonzalez**, No. 03-1356, decided August 22, 2005 compel a differnt result and must compel this court to act pursuant to this request to supplement.

The court stated at page 31 the following:

Thus, we cannot conclude, as the government urges, that **Apprendi** and its progeny apply only to prosecutions that actually result in sentences exceeding otherwise applicable maximums. Nor can we conclude, after **Apprendi** our own decision in **Thomas**, that district courts are nevertheless required to treat drug quantity only as a sentencing factor for purposes of imposing §841(b)(1)(A) and -(b)(1)(B) mandatory minimums. The **Apprendi** rule applies to the resolution of any fact that would substitute an increased sentencing range for the one otherwise applicable to the case.

Because mandatory minimums operate in tandem with increased maximums in §841(b)(1)(A) and -(b)(1)(B) to create sentencing ranges that "raise the limit of the possible federal sentence," Shepard v. United States, 125 S.Ct. at 1262, drug quantity must be deemed an element for all purposes relevant to the application of these increased ranges.

The Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), further supports this conclusion. Although Booker reiterates Apprendi's rule by reference to the particular sentence imposed - "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," id. at 756 (emphasis added) -its ruling is not narrowly tailored to such cases but, instead, reaches every application of the federal Sentencing Guidelines. The Court explained that the Guidelines were suspect under Apprendi because they were "mandatory and impose[d] binding requirements on all sentencing judges" to sentence within prescribed ranges. Id. at 749-50. To remedy the problem, the Supreme Court did not deconstruct the Guidelines' sentencing ranges, converting only the maximums to advisory provisions, while permitting the minimums to operate as mandatory sentencing factors. Instead, recognizing that Congress had structured the Guidelines as a unified system, the Court construed the whole as advisory to ensure against Apprendi error in particular cases.

So in Thomas, this court did not avoid Apprendi errors in the application of increased sentences pursuant to §841(b)(1)(A) and -(b)(1)(B) by construing quantity as an element only when a court sentences a defendant to a sentence higher than the maximum prescribed by the jury verdict

or plea allocution; it construed drug quantity as an element in all prosecutions on aggravated charges. See <u>United States v. Thomas</u>, 274 F.3d at 663; see also <u>United States v. Vazquez</u>, 271 F.3d at 108 (Becker, J., concurring)(concluding that "drug type and quantity are <u>always</u> elements of an offense under §841, and therefore must <u>always</u> be submitted to the jury for proof beyond a reasonable doubt" (emphasis in original)).

To the extent that <u>United States v. King</u>, 345 F.3d at 152, appears to have read <u>Thomas</u> more narrowly, we reiterate that this discussion was <u>dicta</u> and, in any event, relied on <u>Thomas's</u> conclusion that it was unnecessary to treat drug quantity as an element in determining the (then-mandatory) Guidelines range applicable to a case, see <u>United States v. Thomas</u>, 274 F.3d at 663-64. We need not here consider the aptness of an analogy between the Guidelines and §841 mandatory minimums because <u>Booker</u> no longer permits us to view a statutory mandate and an advisory guideline in the same light.

We recognize that some courts have been willing to cast drug quantity in a flexible role with respect to aggravated §841 prosecutions, with its identity as a sentencing factor or an element revealed only at sentencing. See <u>United States v. Goodine</u>, 326 F.3d 26, 31-32 (1st Cir. 2003); <u>United States v. Copeland</u>, 321 F.3d 582, 603 (6th Cir. 2003); <u>United States v. Solis</u>, 299 F.3d 420, 454 (5th Cir. 2002). But on this point, we are more inclined toward the views of the Fourth, Ninth, and District of Columbia Circuits, <u>see United States v. Velasco-Heredia</u>, 319 F.3d at 1085-87 (remanding for resentencing where court relied on judicial findings to imposed mandatory minimum five-year sentence under §841(b)(1)(B) that was not in excess of maximum for unqualified offense); <u>United States v. Graham</u>, 317 F.3d 262, 275 (D.C. Cir. 2003)(remanding for resentencing where jury verdict did not support imposition of five-year mandatory

minimum term of supervised release pursuant to §841(b)(1)(A), although same term could have been imposed under §841(b)(1)(C) in court's discretion); see also **United States v. Martinez**, 277 F.3d 517, 530, 532-34 (4th Cir. 2002)(concluding that court erred in telling a defendant who was pleading guilty that he faced a mandatory minimum sentence of ten years and a maximum of life when he, in fact, faced no mandatory minimum sentence and a maximum of twenty years, although error did not affect substantial rights), as well as those expressed by Judge Becker in **United States v. Vazquez**, 271 F.3d at 108 (Becker,J., concurring)(reviewing structure and history of §841 and specifically rejecting argument that drug type and quantity should be treated as "element-like factors only when they increase the prescribed statutory maximum penalty").

Indeed, justice would hardly be well served by a rule that delayed the identification of one or more elements of a crime until sentencing. Prosecutors, who must draft indictments and develop evidence to meet their burden of proof; defendants and their counsel, who must decide whether to challenge the sufficiency of the government's case or pursue plea negotiations; and trial judges, who must rule on the relevancy and sufficiency of evidence, prepare jury instructions, and ensure the factual bases for guilty pleas, all need to know long before sentencing which facts must be proved to a jury and which ones can be reserved for resolution by the sentencing judge. **Thomas** reconstrued §841 to provide a clear answer to this question in light of concerns raised by **Apprendi,** and we repeat the court's response today: drug quantity is an element that must always be pleaded and proved to a jury or admitted by a defendant to support conviction or sentence on an aggravated offense under §841(b)(1)(A) or -(b)(1)(B). If a defendant is convicted only on a lesser unquantified drug

charge, he must be sentenced pursuant to § 841(b)(1)(C), which generally provides no mandatory minimum sentence.

Accordingly, this court was only allowed to sentence the defendant to a sentence as prescribed for/in the indictment. In retrospect, since the indictment did NOT specify any aggravating factors, the sentence is illegal, notwithstanding, the jury never made any verdict as to aggravating factors the defendant was ultimately sentenced upon.

## SUMMARY

No matter which way the court views the argument now before it, which is Second Circuit law, it must follow the present sentence the defendant is now serving the United States has no jurisdiction to impose. No indictment exists for the sentence imposed, consisting of aggravating enhancements, leader, obstruction, gun use, etc., etc.

The Fifth Amendment of the United States Constitution guarantees a defendant the right to be tried for only those offenses presented in an indictment returned by a grand jury.

See, **U.S. v. Stirone**, 361 U.S. 212 (1960), an amendment of indictment violates 5th Amendment grand jury clause. Also, **U.S. v. Rosario-Diaz**, 202 F.3d 54 (1st Cir. 2000), a constructive amendment exists of an indictment and violates the grand jury clause when court permits jury to convict on evidence not in the indictment. And, **U.S. v. Dhinsa**, 243 F.3d 635 (2nd Cir. 2001). Constructive Amendment to indictment is per se invalid.

The court in **U.S. v. Nunez**, 180 F.3d 227 (5th Cir. 1999) stated impermissable amendment because conviction rested on set of facts

-9-

distinct from those set forth in indictment. <u>U.S. v. Maynic</u>, 257 F.3d 908 (8th Cir. 2001) impermissable amemdment of indictment when defendant sentenced according to quantity of drugs when quantity not charged or submitted to jury.

Since the defendant was NOT notified of any amendment of his indictment which indeed occurred here, for multitle enhancements, he does remain sentenced on an indictment that does NOT exist.

## Conclusion

WHEREFORE, Petitioner prays that this most Honorable Court re-think its prior decisions. Existing law at the time makes the court's sentence in error, the United States did not have jurisdiction nor authority to sentence the defendant as he is presently sentenced.

Accordingly, this matter should proceed in light of Old Law and New Precident Law.

Most respectfully presented,

*Armando Silvestre Contreras*
Armando Silvestre-Contreras, <u>pro se</u>
# 14857-014
FCI Schuylkill
P.O. Box 759
Minersville, PA  17954-0759

## Certificate of Service

I, Armando Silvestre-Contreras hereby certify that I have sent a true and correct copy of this motion, via U.S. Mail, first-class, postage pre-paid, to:

Office of the U.S. Attorney
Mr. Peter D. Markle, Esquire, - AUSA
157 Church Street
New Haven, CT   06510

All matters pursuant to 28 U.S.C. § 1746.

Dated and mailed on this 5-th day of February, 2006.

*Armando Silvestre Contreras*
Armando Silvestre-Contreras