UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Civil No.: 3:05CV339 (PCD) |
| | : | Criminal No.: 3:02CR00276(PCD) |
| | : | |
| ARMANDO SILVESTRE-CONTRERAS | : | |

**RULING ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner, Armando Silvestre-Contreras, moves pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, Petitioner's Motion to Vacate [Crim. Doc. No. 61] and Motion for Clarification [Crim. Doc. No. 64] are **denied**.

**I.   BACKGROUND**

Petitioner Armando Silvestre-Contreras was arrested in Hartford, Connecticut, on September 23, 2002, while in possession of more than 50 grams of cocaine base. Following his arrest, Petitioner was presented before a magistrate judge on September 24, 2002 and was detained, primarily because he had previously been deported from the United States and his presence in the country constituted a separate crime. On October 3, 2002, a grand jury sitting in Hartford, Connecticut, returned a two-count indictment. Count One charged Petitioner Silvestre-Contreras with knowingly and intentionally distributing "50 grams or more of a mixture and substance containing a detectable amount of cocaine base ('crack')" on September 20, 2002 in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii). (See Indictment, Doc. No. 7.) Count Two charged Petitioner and another defendant with knowingly and intentionally possessing with intent to distribute "50 grams or more of a mixture and substance containing a detectable amount of cocaine base ('crack')" on September 23, 2002 in violation of § 841(b)(1)(A)(iii). (Id.)

On January 10, 2003, Petitioner entered a plea of guilty to Count One of the Indictment. In the plea agreement, the parties stipulated to a final offense level of 29 (see Appendix to Gov't's Opp. Mem. (hereinafter designated by the letter "A" plus the page cited) at 4-5), based on a base offense level of 32 for a drug quantity between 50-150 grams of crack cocaine, see U.S.S.G. § 2D1.1(C)(4) (Drug Quantity Table), reduced by 3 levels for acceptance of responsibility. See U.S.S.G. § 3E1.1. With a Criminal History Category II, Petitioner faced a guidelines range of 97-121 months imprisonment. Because Petitioner distributed more than 50 grams of crack, he faced a statutory minimum sentence of 10 years' imprisonment. See 21 U.S.C. § 841(b)(1)(A). On December 15, 2003, the Court sentenced Petitioner to a term of 10 years of imprisonment followed by 5 years of supervised release. (A: 94.)

On December 29, 2003, Petitioner filed a timely notice of appeal. (A: 96.) On April 26, 2004, Petitioner's counsel filed a motion with the Second Circuit Court of Appeals pursuant to Anders v. California, 386 U.S. 738 (1967), seeking to withdraw from representing Petitioner in his appeal on the ground that there were no non-frivolous appeal issues. On May 9, 2005, the Second Circuit issued a mandate granting defense counsel's motion to withdraw and the government's motion for summary affirmance.

On February 25, 2005, Petitioner filed his timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 61], and he supplemented his motion on four subsequent dates. [Doc. Nos. 64, 65, 69, and 71.] In his motion, as amended, Petitioner claims ineffective assistance of counsel on the grounds that his attorney failed to more forcefully argue for a substantial assistance departure pursuant to U.S.S.G. § 5K1.1, argue for a sentence below the statutory minimum given recent Supreme Court rulings, or secure a downward

departure based on his medical history.

## II.    DISCUSSION

28 U.S.C. § 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence." The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. See 28 U.S.C.A. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962).

Petitioner's § 2255 motion refers generally to the ineffective representation of his counsel, and he raises particular deficiencies which will be discussed in turn below. However, as a general matter, Petitioner's claims must all fail in the face of his waiver of his right to appeal or seek § 2255 relief contained in his plea agreement. The plea agreement clearly states: "It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment ... [that] does not exceed 121 months[.]" (Plea Agreement, A: 6.) The agreement could not be clearer, and Petitioner makes no showing as to why his waiver should not be enforced in this instance, where a sentence of less than 121 months was imposed. Courts have generally upheld such waivers even against § 2255 petitions, with the caveat that they be made knowingly, voluntarily, and competently by the defendant, see, e.g., Garcia-Santos v. United States, 273 F. 3d 506, 509 (2d Cir. 2001); United States v. Garcia, 166 F. 3d 519, 521 (2d Cir. 1999), and Petitioner has not sought to bring his waiver within any exception that would render it

unenforceable.  See United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000).  Neither does his plea allocution leave any doubt that Petitioner understood the waiver, entered it voluntarily, and was competent to do so.  (See A: 49-50, 52.)  The waiver was not vitiated by the Court's comment with respect to appeals, which did not intend to resurrect his waived right to appeal but served as a precaution to the defendant in the event the waiver came to be unenforceable to any degree.  (See A: 89-91.)  Therefore, on the basis of the waiver in the plea agreement alone, Petitioner's § 2255 motion must be denied.

Rather than attacking the validity of the waiver, Petitioner bases his collateral attack on his sentence in various claims of ineffective assistance of counsel.  First, in the supplemental motion filed on May 23, 2005, Petitioner asserts that the Court lacked jurisdiction to have imposed the mandatory minimum sentence because the drug quantity was not established by the "beyond reasonable doubt" standard as required by Apprendi v. New Jersey, 530 U.S. 466 (2000), United States v. Booker, 543 U.S. 220 (2005), United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), and cases following thereon.  In Booker, the Supreme Court reaffirmed its holding in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  Booker, 543 U.S. at 244.  Petitioner incorrectly cites these cases for the proposition that mandatory minimum sentences have become discretionary (Pet'r's § 2255 Mot. at 5), when in fact these decisions have not eliminated nor otherwise changed the application of the statutory minimum terms of imprisonment.  United States v. Barrero, 425 F.3d 154, 158 (2d Cir. 2005) (upholding post-Booker challenge to mandatory minimum sentence because "[n]o portion of the defendant's

punishment depends on facts... that have not been authorized by a plea of guilty or a jury verdict.").

Petitioner's Booker argument is further based on his erroneous claim that the drug quantity was not alleged in the indictment. Had the indictment not contained the drug quantity, there would be no valid charge before the Court invoking § 841(b)(1)(A)(iii), the violation of which triggers the statutory mandatory minimum. However, as stated above, the count to which Petitioner pleaded guilty specified the quantity and type of drug with which he was charged, thereby granting the Court jurisdiction to impose the mandatory minimum prescribed by § 841(b)(1)(A)(iii). Because Petitioner's factual assumption is contrary to the contents of the indictment, this argument is without merit. The Court also notes that even if a 10-year sentence was not authorized as a mandatory minimum, it was nonetheless a permissible sentence for a violation of § 841(a)(1) by the terms of § 841(b)(1)(C), although that was not the basis on which Petitioner's sentence was imposed in this instance.

In a supplement to his § 2255 motion filed on July 20, 2005, Petitioner alleges a failure of his counsel to represent him at the professional standard required by Strickland v. Washington, 466 U.S. 68 (1984). In support of his claim, Petitioner cites his attorney's failure at the sentencing hearing to present facts to substantiate his entitlement to the benefit of U.S.S.G. § 5K1.1, which allows the Court to depart from the Guidelines upon the motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person. The government, however, noted at the sentencing hearing that the information provided by Petitioner was not usable (see A: 69-70), and Petitioner has not made a contradictory showing of the substance or use of this information. Nor has Petitioner shown that

the government's rejection of this information was in bad faith or in contravention of a constitutional right.  See Wade v. United States, 504 U.S. 181, 185-86 (1992).  Petitioner's vague suggestions in his memoranda regarding information he provided the government do not validate his asserted entitlement to a 5K1.1 motion.  The only specific information cited by Petitioner as having been given to the government pertained to an assault against him from which he suffered severe injuries.  Because the assault described occurred in New York, it was not a federal offense and was not within the jurisdiction of a U.S. Attorney, particularly not the jurisdiction of the U.S. Attorney in Connecticut.  If this information was brought to the attention of New York State prosecutors (which is assumed to be the case though the record is bereft of evidence to that effect), at most Petitioner might have sought relief under U.S.S.G. § 5K2.0.  Section 5K2.0 relief, however, would have only been available as a credit in the guideline calculation and therefore would not have affected the mandatory minimum of § 841(b)(1)(A)(iii).  Petitioner casts this issue as a failure by his attorney to present a 5K1.1 motion, but his attorney was not in the position to do so either procedurally or substantively.  Section 5K1.1 provides solely for a motion by the government, not by the defendant, and the record clearly demonstrates that an ample proffer opportunity was provided to the defendant—three sentencing continuances were granted to afford petitioner that opportunity—and the government was not provided with information which warranted the motion, a valid point as noted above.  This argument thus fails to show that Plaintiff's counsel was ineffective.

Petitioner also asserts that counsel was ineffective by failing to seek a departure based on his physical condition.  This claim is also without merit.  Counsel did bring Petitioner's health record to the Court's attention.  (See A: 77, 81-83.)  Further, even if such a departure were

merited, it would be precluded by the mandatory minimum required by statute. Counsel also argued, citing United States v. Mishoe, 241 F.3d 214, 220 (2d Cir. 2001), that Petitioner's criminal history was overstated, a claim also rejected by the Court. Petitioner has made no showing that the Court's rejection of his motions for departures from the sentencing guidelines, apart from being barred by the mandatory minimum and appeal waiver, were based on any misapprehension by the Court of its authority to depart when warranted.

In his supplemental motion filed on January 20, 2006, Petitioner claims that the drug quantity is an element of an offense other than the base offense in § 841(a)(1), and he reiterates his claim that the Court lacks jurisdiction to impose a mandatory minimum sentence. Petitioner does not discuss, however, the fact that the type and quantity of drugs charged is found in the indictment, with a specific reference and incorporation of 841(b)(1)(A)(iii), the section which specifies a 10 year mandatory minimum if the defendant is responsible for 50 grams or more of cocaine base/crack. That being the case along with the plea agreement recitation of the type and amount of drugs, the plea acknowledgment to the same effect (see A-44), and Petitioner's sentencing memorandum (see A-60), Petitioner's reliance on U.S. v. Cordoba, 422 F.3d 65 (2d Cir. 2005), is misplaced. In Cordoba, the indictment alleged a violation of § 841(a)(1) without a recitation of the type and quantity of drugs possessed and without invoking any of the subsections of § 841 which provide for enhanced penalties above a bare minimum for violations involving particular amounts of drugs. Cordoba is therefore factually distinguishable from this case and its holding is not applicable here. Petitioner pled to and was sentenced pursuant to § 841(b)(1)(A)(iii) per his plea agreement, which precisely specified what he was charged with and the mandatory sentence which was imposed. In his § 2255 motion, Petitioner argues that

sentence enhancements he received for leadership, obstruction, and gun involvement were factually unfounded, but his sentence was not enhanced beyond the mandatory minimum by any aggravating factor that would increase a guideline calculation. The prohibition against sentencing enhancements raised in Petitioner's motion has no application to the mandatory minimum sentence imposed here.

Finally, in his supplemental motion filed on February 9, 2006, Petitioner again reiterates his Apprendi claim, which was disposed above and will not be discussed further. In the face of a mandatory minimum provision in the charged statute of violation, there is no merit to Petitioner's claim of a deficiency of counsel in failing to obtain consideration of a departure on the basis of diminished capacity, with a likely Crosby remand and favorable consideration. As discussed above, there is also no merit to the claim reiterated in the February 9th supplemental memorandum that only a bare § 841(a)(1) violation was charged. Likewise, the claim that aggravating factors were used to enhance the sentence is, as discussed above, without merit.

In all of his memoranda in support of his § 2255 motion, Petitioner has failed to show any deficiency in any aspect of counsel's representation that would suggest, and certainly not one that would compel, a finding that counsel's performance failed to fall within the wide range of presumed acceptable professional performance, United States v. Cronic, 466 U.S. 648, 658 (1984), or failed to meet "an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Further, Petitioner has not made the requisite showing of prejudice resulting from counsel's representation during the sentencing process, id. at 694-95, and the possibility of any existing prejudice is foreclosed by the imposition of the mandatory minimum.

### III. CONCLUSION

For the forgoing reasons, the Court finds that all of petitioner's claims are without merit. No hearing is necessary as his claims are "insufficient in law, undisputed, immaterial, vague, [and] conclusory." <u>United States v. Malcolm</u>, 432 F.2d 809, 812 (2d Cir. 1970). Plaintiff's § 2255 motions [Doc. Nos. 61, 64] are hereby **denied.**

Dated at New Haven, Connecticut this 8th day of May, 2007.

                                              /s/
                                     PETER C. DORSEY
                                     UNITED STATES DISTRICT JUDGE