**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Civil No. 3:05CV339(PCD)** |
| : | **Crim. No. 3:02CR276(PCD)** |
| **v.** : | |
| : | |
| **ARMANDO SILVESTRE-CONTRERAS** : | **MAY 4, 2007** |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION PURSUANT TO
28 U.S.C. § 2255 TO VACATE AND SET ASIDE THE SENTENCE**

**I. Background**

Armando Silvestre-Contreras, also known as "Bico" and "Victor Fernandez," ("the petitioner") was arrested in Hartford, Connecticut on September 23, 2002, while in possession of more than 50 grams of cocaine base. A few days earlier, on September 20, 2002, the petitioner sold more than 50 grams of cocaine base to a cooperating source while under the surveillance of several law enforcement agents. Following his arrest, the petitioner was presented before a magistrate judge on September 24, 2002, and detained (primarily because he had been deported from the United States previously on or about July 12, 2001, and his presence in the country constituted a separate crime).

On October 3, 2002, a grand jury sitting in Hartford, Connecticut returned a two count indictment. Count One charged the defendant with knowingly and intentionally distributing "50 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance[,]" on September 20, 2002, in violation of 21 U.S.C.

§ 841(b)(1)(A)(iii).  Count Two charged the defendant and another person with knowingly and intentionally possessing with intent to distribute "50 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance[,]" on September 23, 2002, in violation of 21 U.S.C. § 841(b)(1)(A)(iii).  The charges arose from the petitioner's sale of 61.3 grams of crack to a cooperating witness on September 20, 2002 (Count One), and his possession of 119.5 grams of crack destined for sale to the cooperating witness on September 23, 2002 (Count Two).  *See* Presentence Report ("PSR") at ¶¶ 8-12; A: 79.

On January 10, 2003, the petitioner entered a plea of guilty to Count One of the Indictment.  The parties stipulated in the plea agreement to a final offense level of 29.  A: 4-5.  This was based on a base offense level of 32 for a drug quantity of between 50-150 grams[1] of crack cocaine, *see* USSG § 2D1.1(C)(4) (Drug Quantity Table), reduced by 3 levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1.  With a Criminal History Category II, the petitioner faced a guidelines range of 97-121 months imprisonment.  Because the petitioner distributed more

---

[1] The government inadvertently stipulated to the 50-150 gram range when in fact the petitioner plainly possessed over 150 grams of crack cocaine (61.3 + 119.5 = 180.8).  At sentencing, the government stood by its more lenient, albeit incorrect, drug quantity for sentencing purposes.  A: 84.  Had the correct drug quantity been applied, the petitioner's Guidelines range would have been 121 to 151 months of imprisonment.

than 50 grams of crack, he faced a statutory minimum sentence of 10 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

On December 15, 2003, this court sentenced the petitioner principally to a term of 10 years of imprisonment, to be followed by 5 years of supervised release. A: 94.

On December 29, 2003, the petitioner filed a timely notice of appeal. A: 96. On April 26, 2004, the petitioner's counsel filed a motion with the Second Circuit seeking to withdraw from representing the petitioner in this appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), on the ground that there were no non-frivolous appeal issues. The government filed a motion for summary affirmance as well. The Second Circuit issued a Mandate on May 9, 2005, granting defense counsel's motion to withdraw as well as the government's motion for summary affirmance.

The petitioner timely filed the instant § 2255 motion to vacate, set aside or correct his sentence. In his motion, as amended, the petitioner advances four ineffective assistance of counsel arguments; namely that his counsel was ineffective in failing to: (1) more forcefully argue for a 5K substantial assistance departure; (2) secure a downward departure based on his entire health record; (3) argue for a sentence below the statutory minimum given recent Supreme Court rulings; and (4) argue that a Criminal History Category ("CHC") II overstated and exaggerated his past criminal actions. Before turning to these

specific arguments, an examination of the petitioner's guilty plea and sentencing hearings is in order.

## A. The Plea Agreement & Change of Plea Hearing

The parties' plea agreement provides in relevant part that "the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 121 months." A: 6. In accordance with Fed. R. Crim. P. 11(b)(1)(N), the petitioner acknowledged during the course of the guilty plea his understanding of this appeal waiver provision of the plea agreement. A: 49-50, 52:

> AUSA: In addition, the defendant, by this agreement, waives his right to appeal his sentence if the sentence imposed does not exceed 121 months, even if the Court arrives at the sentencing range by an analysis different than that of the parties; that is. . . . I would indicate that we did go over the plea agreement with the defendant . . . . [w]e also did specifically touch upon his appellate rights regarding the sentencing, and the 121 months, but if the Court did go beyond the 121 months, he would have a right to appeal.[2]

---

[2] Earlier in the course of the plea hearing, without reference to the plea agreement's explicit appeal waiver provision, the district court misadvised the defendant that he would be able to appeal his sentence. A: 39-40. This was subsequently corrected by the prosecutor's recital of this provision and the defendant's acknowledgment of this provision. A: 49-50, 52. Although the defendant later expressed a wish at his sentencing to pursue an appeal, he did not dispute his knowledge or understanding of the appeal waiver provision. A: 90.

**B.   The Sentencing Hearing**

The district court imposed a sentence of 120 months, a sentence within the range identified in the appeal waiver provision.  A: 87.  The petitioner was reminded of the appeal waiver provision after sentence was imposed.  A: 90-91.

## II.   DISCUSSION

**A.   The Petitioner Waived His Right To Collaterally Challenge His Sentence**

In the Second Circuit, a petitioner's waiver of the right either to directly appeal or collaterally attack a sentence within an agreed-upon Sentencing Guideline range generally is enforceable.  *See, e.g., Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001) (upholding effectiveness of waiver of right to attack conviction pursuant to section 2255 petition); *United States v. Garcia*, 166 F.3d 519, 521 (2d Cir. 1999) (upholding effectiveness of waiver of right to appeal sentence). Although appellate waivers are not absolute in scope, the circumstances under which courts will decline to enforce a waiver are limited.  *See United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) ("These exceptions to the presumption of the enforceability of a waiver...occupy a very circumscribed area of our jurisprudence.").  These exceptions include situations

> when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases, when the government

>breached a plea agreement, or when the sentencing court failed to enunciate any rationale for the petitioner's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus.

*Id.* at 319 (collecting cases) (citations and quotation marks omitted).

A court also may decline to enforce a waiver of the right to file a section 2255 motion where a petitioner claims he agreed to the waiver without effective assistance of counsel. *See, e.g., Frederick v. Warden*, 308 F.3d 192, 194-95 (2d Cir. 2002) (citation omitted); *United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam) (declining to enforce a waiver of appellate rights where petitioner sought to challenge on appeal the constitutionality of the process by which the appeal rights were waived).

Here, the petitioner does not claim that the appellate waiver was not made knowingly, voluntarily, and competently. Nor could he given his plea allocution. The petitioner also does not claim that his sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases. Nor does the petitioner claim that the Court failed to enunciate any rationale for the petitioner's sentence.

Rather, the petitioner attempts to overcome the appeal waiver by claiming that he pleaded guilty due to ineffective assistance of counsel for having failed to argue that the government breached the plea agreement by not filing a

substantial assistance motion. This argument lacks merit. As noted above, the plea agreement contained express language by which the petitioner waived his right to appeal or collaterally attack the conviction. The Government explained these issues in open court and the Court canvassed the petitioner as to his understanding. There is no doubt that the petitioner was fully aware of the decision he was making. *See, e.g., Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001) (upholding effectiveness of waiver of right to attack conviction pursuant to section 2255 petition); *United States v. Garcia*, 166 F.3d 519, 521 (2d Cir. 1999) (upholding effectiveness of waiver of right to appeal sentence). The *Garcia* court has commented that:

> [d]espite his effort to dress up his claim as a violation of the Sixth Amendment, petitioner in reality is challenging the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the waiver contained in his plea agreement with the government.

*Garcia*, 166 F.3d at 522 (quoting *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998); *see also United States v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997) (upholding waiver of appeal provision even when the petitioner claims that the sentence is illegal under the Sentencing Guidelines); *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995) ("If this waiver does not preclude a challenge to the sentence as unlawful, then the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of petitioners.").

In the case at bar, the government advised the court that the "DEA has met with the defendant on several occasions over the past six months, in good faith, and Mr. Silvestre-Contreras has provided information that he's known about. Unfortunately, it's not information that the DEA can use." A: 69-70. Defense counsel advised the Court that "I don't think there's any question about the truth of the information [Silvestre-Contreras] provided. It really goes more to the value. . . . I think he was transported on several occasions to meet with th agents, and so he is extremely disappointed that there's no 5.K motion forthcoming." A: 70.

It is axiomatic that the decision whether to file a substantial assistance motion lies within the sole discretion of the government and is generally not subject to judicial review unless motivated by a constitutionally impermissible reason such as race or religion, or "not rationally related to any legitimate Government end." *Wade v. United States*, 504 U.S. 181, 185-86, 112 S.Ct. 1840 (1992). Moreover, "a defendant has no right to discovery or an evidentiary hearing unless he makes a **substantial threshold showing** [of an unconstitutional motive]." *Wade*, 504 U.S. at 186, 112 S.Ct. 1840 (internal quotations marks omitted, emphasis added). Here, the petitioner's assertion that he provided substantial information to the government that was later used to arrest and prosecute others is, in the first instance,

inaccurate and, even if true, insufficient to carry this burden absent a specific showing of an improper governmental motive. *Id*. at 187 ("[A]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one.").

Accordingly, the petitioner's waiver to collaterally attack his sentence, which was less than 121 months, bars the instant § 2255 application.

**B.   Defense Counsel Did Not Render Ineffective Assistance of Counsel**

Even if the court declines to enforce the petitioner's waiver of his right to collaterally attack the sentence, the claim of ineffective assistance of counsel should be denied.

In evaluating a claim that a guilty plea should be withdrawn due to ineffective assistance of counsel, a court applies the two prong test established in *Strickland v. Washington*. *See, e.g., Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985); *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001). First, a petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Second, the petitioner must demonstrate prejudice. *Id*. The petitioner bears the burden of proving that counsel's representation was unreasonable under the prevailing professional norms and that the challenged action was not a sound strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 380

(1986) (internal cites omitted).  "*Strickland's* standard, although by no means insurmountable, is highly demanding."  *Id*. There is a strong presumption that a counsel's performance falls within the "wide range of professional assistance."  *United States v. Cronic*, 466 U.S. 648, 688 (1984).

The petitioner has satisfied neither of these criteria.  His claims are discussed below.

> **1.   FIRST PRONG: Counsel's Performance Did Not Fall Below An Objective Standard of Reasonableness**
>
> > **I.   Failure to "compel" government to file a substantial assistance motion**

As explained above, the petitioner has not alleged, nor can he demonstrate, that the government's decision to not file a substantial assistance motion is based on impermissible or unconstitutional basis.  As the government explained at the petitioner's sentencing, while the parties had met in good faith in the six month period prior to the sentencing, the information provided was not anything the DEA could use.  A: 70.  The court then expressed its frustration with the mandatory minimum sentencing scheme, but noted "and I'll tell you, in all candor, that my sense of Mr. Gustafson has always been that if there's any question about the propriety of a proffer, the benefit of the doubt will flow to your client [the petitioner]."  A: 71.

Against this backdrop, especially where in the instant habeas application the petitioner has not alleged the government

acted out of an impermissible unconstitutional motivation, defense counsel's failure to seek to compel the government to file a 5K1.1 application is untenable. *See e.g., United States v. Breckenridge*, 2004 WL 1048217 (S.D.N.Y. 2004) (Denying habeas petition, noting: "Given that § 5K1.1 'gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted,' [*Wade*] at 185, and given the extremely limited grounds on which the Government's decision can be challenged, it was not objectively unreasonable for Breckenridge's counsel not to seek to compel a § 5K1.1 application by the Government.")

### ii. The Downward Departure For Heath Problems & Overstatement of Criminal History

The petitioner argues that his counsel's performance fell below an objective standard of reasonableness because his entire health record, which is now attached as an exhibit to the § 2255 application, was not presented to the court at the time of sentencing and because counsel did not challenge that his criminal history (CHC II) was overstated. *See* Petition, pages 5-6 (Ground Two & Ground Four). In point of fact, counsel did make these arguments.

First, counsel did advise the court of the petitioner's health concerns: "He's lost an eye. He has epilepsy. He has some physical problems[.]" A: 77; *see also* A: 81-83 (petitioner's epilepsy and memory loss discussed).

11

Second, counsel did argue that the petitioner's criminal history was overstated. Citing to the seminal Second Circuit case on the matter, *United States v. Mishoe*, 241 F.3d 214, 220 (2d Cir. 2001), the petitioner's lawyer argued in the sentencing memorandum that the CHC II constituted an overstatement. A: 64-65.

Given that counsel actually advanced these claims, it cannot be said that the petitioner was the victim of ineffective assistance of counsel.

The petitioner has pointed to no indication that the court misapprehended its authority to depart on these grounds. Because he would not have been entitled to relief on direct appeal, and because review under § 2255 is far more limited than on direct appeal, it is apparent that his claim is not cognizable in this collateral proceeding.

### iii. The Supreme Court Has Not Eliminated Statutory Minimum Sentences

At page 5 of his filings, the petitioner erroneously cites "*Booker, Fanfan, Blakely* and S. Court actions" for the proposition that "previously mandatory minimum sentences for a variety of crimes have NOW BECOME 'discretionary' on a case by case basis." The petitioner's argument if fundamentally flawed. First, as the Second Circuit explained in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005):

> *Booker/Fanfan* was the culmination of a series of

> decisions explicating the requirements of the Sixth Amendment in the context of sentencing. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000); *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428 (2002); *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531 (2004). In the Substantive Opinion, the [Supreme] Court ruled that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker/Fanfan*, 125 S.Ct. at 756.

*Id*. at 108. Here, the Indictment expressly charged that the petitioner distributed more that 50 grams of cocaine base ("crack"). A: 1. The plea agreement executed by the petitioner similarly identified the relevant drug quantity as 50 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"). A: 3. And when the petitioner pleaded guilty, he acknowledged as much. A: 45. For these reasons, the petitioner's prosecution, conviction and sentence comport with established law.

Moreover, it is undisputed that these cases have dealt only with the application of the Sentencing Guidelines to federal sentencing. Stated differently, the line of Supreme Court decisions cited by the petitioner has not eliminated nor otherwise changed the application of the statutory minimum terms of incarceration. *See United States v. Barrero*, 425 F.3d 154, 158 (2d Cir.2005) (upholding post *Booker* challenge to mandatory minimum sentence).

13

### v. Summary Re: First Prong Of Strickland

In short, the petitioner's ineffective assistance of counsel claim fails because he cannot satisfy the first prong of the test. The facts are plain that defense counsel's performance easily "falls within the wide range of professional assistance." *United States v. Cronic*, 466 U.S. 648, 688 (1984). The petitioner's contention that his attorneys failed to argue for departures based on health concerns and an overstated criminal history is wholly unsupported by the undisputed facts of this case. These issues were argued to the district court. The petitioner's claim that recent Supreme Court rulings have rendered statutory minimum sentences "discretionary" is simply wrong. And the petitioner's claim that his attorneys were ineffective in failing to push to compel a 5K motion in the absence of any allegation of improper motivation by the government is unavailing.

Rather than being ineffective, the record indicates that Attorneys Moscowitz and King mounted a meaningful sentencing argument and obtained for the petitioner the most lenient sentence available under the law.

### 2. The Petitioner Has Failed to Demonstrate Prejudice

The petitioner also fails to satisfy the second prong of the *Strickland* test because he cannot demonstrate a reasonable probability that the outcome – a 120 month sentence – would have

been any different given the application of the ten year mandatory minimum sentence to his case. It is well settled, moreover, that a district court's decision not to depart downward from the sentencing guidelines is within the court's discretion and is generally not reviewable on appeal. *See United States v. Silleg*, 311 F.3d 557, 561 (2d Cir. 2002); *United States v. Miller*, 263 F.3d 1, 4 (2d Cir. 2001) (citing cases). "'The only exceptions to this rule are . . . where the defendant shows that a violation of law occurred, that the Guidelines were misapplied, or that the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to depart.'" *United States v. Kalust*, 249 F.3d 106, 110 (2d Cir. 1998) (quoting *United States v. Zapata*, 135 F.3d 844, 846 (2d Cir. 1998)). Thus the petitioner cannot claim prejudice where the departure arguments were advanced and the court imposed the lowest sentence allowed by law.

**C.   No Hearing is Necessary for the Court
      to Resolve the Petitioner's Claims**

Finally, the Government does not believe that a hearing is necessary to adjudicate the petitioner's claim. Section 2255 provides that a court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The filing of a section 2255 petition, however, "does not entitle a petitioner automatically to a hearing." *Newfield*

*v. United States*, 565 F.2d 203, 207 (2d Cir. 1977).  The Second Circuit has long held that a hearing is not required "where the allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false or patently frivolous." *United States v. Malcolm*, 432 F.2d 809, 812 (2d Cir. 1970).  *See also Machibroda v. United States*, 368 U.S. 487, 485 (1962)("[T]he language of [section 2255] itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.").  The Court also may expand the record to consider an affidavit from a petitioner's counsel and, after considering the expanded record, deny the section 2255 petition absent a hearing.  A district court properly may rule on a section 2255 motion without a testimonial hearing where: (1) the allegations of the motion, accepted as true, would not entitle the petitioner to relief or (2) the documentary record, including any supplementary submissions, such as affidavits, render a testimonial hearing unnecessary.  *See Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001) ("It was, therefore, within the district court's discretion to choose a middle road that avoided the delay, the needless expenditure of judicial resources, the burden on trial counsel and the Government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing.").  Section 2255 itself

16

provides that a "court may entertain and determine [a section 2255] motion without requiring the production of the prisoner at the hearing."  See also *Rosa v. United States*, 170 F. Supp. 2d 388, 398-99 (S.D.N.Y. 2001).

In this case the petitioner advances a claim upon which the Supreme Court has set very strict limitations.  In *Wade*, the Court explained that where the government has exercised its discretion and not filed a substantial assistance motion, a defendant has no right to discovery or an evidentiary hearing until he makes a substantial threshold showing that the government's decision was motivated by a constitutionally impermissible reason such as race or religion or not rationally related to any legitimate Government end.  *Wade*, 504 U.S. at 186.  Here, the petitioner has simply and vaguely averred that "[p]roof now has come to my attention that my testimony is directly responsible and linked to the present incarceration and conviction(s) of others involved in criminal enterprizes [sic]....No Names [sic] or other data proving this point can be given here due to confidentially concerns and past threats of harm to me and to my family, BUT will instead be expounded upon and revealed during an evidentiary hearing[.]"  Petitioner's Application at page 5.  Clearly, in the absence of a substantial threshold showing of unconstitutional bias on the government's part, the petitioner is not entitled to a hearing.

Interestingly, although the petitioner excuses his lack of specificity about his alleged substantial assistance on safety concerns, he writes that if his request for a hearing is "for some reason DENIED as a grounds for relief, PRESS SOURCES will be releasing this same data on my behalf."  Petitioner's Application at page 5.

### III.   CONCLUSION

The government respectfully requests that the court summarily dismiss the petitioner's petition.  First, the petitioner waived his right to collaterally attack his sentence.

Second, even if the court reaches the merits of his petition, the petitioner's claim that his lawyer rendered ineffective assistance of counsel must fail because it does not satisfy either prong of the *Strickland* test.  He has not established either that defense counsel's representation was deficient or that he suffered any prejudice.  Finally, because the record is uncontested and this claim is essentially an effort to revisit the government's decision to not file a substantial

assistance motion, no hearing is required to adjudicate this matter.  The petition should be dismissed.

>                     Respectfully submitted,
>
>                     KEVIN J. O'CONNOR
>                     UNITED STATES ATTORNEY
>
>
>                     MICHAEL J. GUSTAFSON
>                     ASSISTANT UNITED STATES ATTORNEY
>                     157 CHURCH STREET
>                     NEW HAVEN, CT 06510
>                     Federal Bar No. CT01503

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was forwarded via U.S. Mail, postage prepaid, on this 4th day of May, 2007, to:

Armando Silvestre-Contreras
ID # 14857-014
FCI Schuylkill
Box 759
Minersville, PA 17954-0759

>                     MICHAEL J. GUSTAFSON
>                     ASSISTANT UNITED STATES ATTORNEY