UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SILVESTRE CONTRERAS ARMANDO,          :      C/A No.  #:02-CR-00276-PCD

        Movant,                        :

                                :      MOTION TO REDUCE IMPOSED SENTENCE
                                       PURSUANT TO 18 U.S.C. § 3582(c)(2)
vs.                                   :      BASED UPON NOVEMBER 1st, 2007
                                :      RETROACTIVE AMENDMENT No. 9 & 12
                                       COCAINE BASE SENTENCING, LOWERING
                                :      BASE OFFENSE LEVEL BY 2 POINTS, AND
                                       ADVISORY GUIDELINE SENTENCING UPON
                                :      GRANTING UNDER U.S. vs BOOKER, 543
UNITED STATES OF AMERICA                     U.S. 220 ( S.Ct 2005 ).

        Respondent.                   :      18 U.S.C. § 3582(c)(2)

NOW COMES, the Movant, Silvestre Contreras Armando, _____, pro-se in a Motion to Reduce his previously imposed sentence based upon a retroactive amendment to the United States Sentencing Guidelines which became effective under law on November 1st, 2007. The United States Sentencing Commission made this amendment retroactive in it's application on November 11, 2007 in amendment No. 9 which lowered retroactively the Base Offense Level ( BOL ) for defendants' previously convicted of crack cocaine offenses. In this action, the movant is eligible for the reduction at the complete discretion of the sentencing court and ask that his motion be granted.

U.S.S.G. § 1B1.10. ( REDUCTION IN TERM OF IMPRISONMENT AS A RESULT OF AMENDED GUIDELINE RANGE ( POLICY STATEMENT )

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has been subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c), a reduction in the defendants term of imprisonment is authorized under 18 U.S.C. § 3582 (c)(2). Under section 3582 (c)(2) of Title 18, United States Code Provides :

" [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on it's own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

IMPOSITION OF A SENTENCE  18 U.S.C. § 3553(a) FACTORS.

3553(a), Factors to be considered in imposing a sentence.

" The Court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in Paragraph 2 of this subsection. The Court in determining the particular sentence to be imposed shall consider,

(1) the nature and circumstances of the offense and the history and characteristics of the defendant.

(2) the need for the sentence imposed---

(A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.

(B) to afford adequate deterrence to criminal conduct.

(C) to protect the public from further crimes of the defendant.

(D) to provide the defendant with needed educational or vocational training, medical care or other treatment in the most effective manner.

(3) the kinds of sentences available

(4) the kinds of sentence and sentence range established for

In this Motion by the defendant, the guidelines at the time of the imposition of his sentence were advisory at sentencing on December 17, 2005. On January 12th, 2005 the U.S. Supreme Court in United States vs Booker, 543 U.S. 220 ( 2005 ) found the application of the United States Sentencing Guidelines as mandatory

were unconstitutional and by remedial opinion made them advisory in their application. In this case the movant asks the District Court in it's discretion grant his motion to reduce his sentence, but in imposing his sentence use the advisory guideline ranges in sentencing him to a sentence lower than that called for by the two point reduction. In cases under § 3582(c)(2), the original sentence may represent a downward departure. Under Application Note 3 of § 1B1.10 of the U.S.S.G. it reads " Under subsection (b), the amended guideline range and the term of imprisonment already served by the defendant limit the extent to which an eligible defendant=s sentence may be reduced under 18 U.S.C. § 3582(c)(2). When the original sentence represents a downward departure, a comparable reduction below the amended guideline range may be appropriate; however, in no case shall the term if imprisonment be reduced below time served. Subject to these limitations, the sentencing court has discretion to determine whether, and to what extent, to reduce a term of imprisonment under this Section.

18 U.S.C. § 3582(c)(2) APPLICABLE TO BOOKER ADVISORY SCHEME.

The United States Court of Appeals for the Ninth Circuit ruled in United States vs Hicks, 472 F.3d 1167 (1/11/2007)( 9th Cir. 2007 ), that the advisory guidelines and not the mandatory scheme are to be applied in re-sentencing of defendant of which the District Court, in it's discretion, grants a reduction under § 3582(c)(2) due to retroactive amendment. The Ninth Circuit found that in no context did the mandatory guidelines survive Booker's constitutional ruling and that the District court could infact lower the sentence to the mandatory minimum or below if the safety valve applies. In all cases, the ruling in Booker applies to all 18 U.S.C. § 3582(c)(2) proceedings.

were unconstitutional and by remedial opinion made them advisory in their application. In this case, the movant asks that the District Court in it's discretion grant his motion to reduce his sentence but in imposing his sentence use the advisory guideline ranges in sentencing him to a sentence lower than that called for by the two point reduction. In this case, the original sentence represents a downward departure. Under Application Note 3 of § 1B1.10. of the U.S.S.G. it reads " Under subsection (b), the amended guideline range and the term of imprisonment already served by the defendant limit the extent to which an eligible defendant=s sentence may be reduced under 18 U.S.C. § 3582(c)(2). when the original sentence represents a downward de-parture, a comparable reduction below the amended guideline range may be ap-propriate; however, in no case shall the term of imprisonment be reduced below time served. Subject to these limitation, the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section.

## 18 U.S.C. § 3582(c)(2) APPLICABLE TO BOOKER ADVISORY SCHEME.

The United States Court of Appeals for the Ninth Circuit ruled in United States vs Hicks, 472 F.3d 1167 (1/11/2007)( 9th Cir 2007), that the Advisory Guidelines and not the mandatory scheme are to be applied in resentencing of defendant of which the district court, in it's discretion, grants a reduction under § 3582(c) (2) due to a retroactive amendment. The Ninth Circuit found that in no context did the mandatory guidelines survive Booker's constitutional ruling and that the District Court in it's discretion could in fact lower the sentence to the mandatory minimum or below of the safety valve applies. In all cases, the ruling in Booker applies to all § 3582(c)(2) proceedings.

BACKGROUND OF CASE AND APPLICABLE LAW, RETROACTIVITY OF AMENDMENS 9 & 12.

Movant in this action was charged with violation a Federal Law with respect to selling drugs within his community in the District of Connecticut New Haven, Connecticut and was sentenced to 120 months on December 17, 2005. pursuant to 21 U.S.C. §841 by the Honorable Peter Dorsey under the Booker advisory scheme.

In this case the movant asks this Honorable Court for his sentence to reflect his remorse for all the trouble he has caused within his community by selling drugs. The impact of his actions are felt through his family in his absence. He would ask that this Court under Booker's scheme if applicable to § 3582(c)(2) ask for his mandatory minimum sentence and ask the Court to take into consideration that facts of the 100:1 ratio as it affects predominantly African-Americans with respect for crackcocaine offenses.

Petitioner takes full responsiblity for his actions in this matter and does not seek to place blame for those actions on anybody else. All he asks for is another chance to be productive in his life, take care of his family, go to work and earn a honest living and care for those who love him.

Movant ask that in light of the 3553(a) factors that it be taken into consideration of the post-conviction rehabilitation efforts made in such a short time within B.O.P. He has stayed active in sports, and in educational classes which will benefit him in the future. He will continue to maintain clear conduct and stay out of trouble inside and out.

Movant ask this Honorable Court for relief in this action and for all equitable relief that may be granted by this Motion to Reduce his Sentence.

STATEMENT FOR RELIEF

Silvestre Contreras Armando,
Movant _____, was subject to an enhanced penalty for his violations of law in Possession and or Conspiracy to Distribute Cocaine in Crack Form. Under the United States sentencing Guidelines he was subject to what is commonly referred to as the 100:1 crack/powder ratio which is the concern and cause of the Commission in it's implementation of Amendment No. 9 to address the disparity in sentencing. The Commission found that this Amendment while not finding all the ills concerned with this ratio, found that it would in cases ease the ratio's sentencing burdens placed on crack cocaine defendants whom are primarily low level drug dealers of African-American heritage as opposed to other nationalities with this type of drug. While the Commission has made this amendment retroactive, The United States Supreme Court has itself in Kimbrough vs United States, No. 06-6330, filed June 11th, 'on appeal from the U.S. Court of Appeals for the Fourth Circuit in 2006 WL 4571655 has now argued and addressed the following question as it pertains to this matter and movant ask that it be relegated in his re-sentencing. The United States Supreme Court has before it the following question " In carrying out the mandate of 18 U.S.S.C. § 3553(a) to impose a sentence that is sufficient but not greater than necessary " in a federal criminal case, may a district court consider the impact of the 100:1 crack/powder ration implemented in the United Sentencing Guidelines on the reports and recommendations of the U.S. Sentencing Commission in 1995, 1997, and 2002 regarding that ratio. In those reports and recommendations the Commission ask for a 20:1 ratio which would have an impact on the defendant's re-sentencing under § 3582(c) under the advisory scheme.

Such an impact would be felt even if the defendant's case were to represent a reduction in sentence under U.S.S.G. 5K1.1 or Rule 35(b) which is applicable to § 3582(c)(2). In United States vs Williams, 103 F.3d 57 ( 8th

Cir. 1996 )( finding that reduction of sentence under § 3582(c)(2) due to retroactive application of Amendment 599 was applicable to defendant who recieved both U.S.S.G.§5K1.1 and Rule 35(b) motion, even though sentence was below original sentencing guideline range. The Court found that in such case a comparable reduction to account for the 2 points are to removed before adding in the percentage of the reduction for substantial assistance. In such cases, if the 20:1 ration were to be implemented at a re-sentencing of the defendant, it would represent 1/5th of his total sentence from that of the 100:1 ratio resulting in an even lower sentence under the applicable advisory guidelines. Petitioner in this action in account for all factors ask for a reduction comparable as if Amendment No. 9 had been in effect at the time of his original sentencing in this case. Under Application Note 2 of the U.S.S.G. § 1B1.10 it states that in determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guidelines provision that were applied when the defendant was sentenced. All the other guideline applications remain unaffected. Under Booker, 543 U.S. 220 ( U.S. S.Ct. 2005 ), the Honorable Court may reduce the defendant's sentence further as the guideline and policy statements are not mandatory, but advisory in nature, even under § 3582(c)(2).

The Honorable Court in this action may reduce the defendant's sentence based upon post-conviction rehabilitation while incarcerated or any other factors listed in 18 U.S.C. § 3553(a) in imposing the sentence, but may not reduce it under time served, nor may the court reduce the sentence below the mandatory minimum, 5 or 10 years depending, if applicable. Under Hicks vs United States, 472 F.3d 1167 ( 1/11/2007)( 9th Cir. 2007), in a published opinion made it clear that § 3582(c)(2) did not survive Booker's holding.

## EDUCATIONAL CLASSES/ POST CONVICTION REHABILITATION

The Movant has adjusted to his imprisonment and has successfully completed 40 hours of Basic Law Classes during his imprisonment and will continue to complete various self-help classes until he is released.

## FAMILY TIES/ JOB OPPORTUNITIES UPON RE-ENTERING SOCIETY

The Movant has maintained family ties during the entire time of imprisonment The Movant further has a job waiting for him upon his release from imprisonment and will maintain his family ties.

## RELIEF FROM CUSTODY OF ORIGINAL SENTENCING UNDER § 3582(c)(2)

The movant in this action upon § 3582(c)(2) ask that this Honorable Court in it's discretion under applicable law and the Sentencing Commissions retroactive application of the November 1st, 2007, Amendment No. 9 in it's lowering of the Cocaine Base Offense Level in his case, in consideration of all facts and in consistency with the policy statements and Booker's rule of law making the guidelines advisory in nature ask for immediate release as to time served as to his sentence or in the alternative to the mandatory minimum unless the safety valve applies to his case, or other relief as just warranted in the Court's discretion in this matter as law provides.

Respectfully Submitted this

Armando Silvestre

RELIEF SOUGHT

WHEREFORE, based upon the facts and matters stated herein, upon the records and documents herein, upon the case and statutory authority cited herein, upon Amendment 706, upon the authority of 18 U.S.C. §3582(c)(2); Untied States v Booker, 543 US 220, 125 SCt 738, 160 LEd2d 651 (2005); Rita v United States, 551 US ___, 127 SCt 2455, 168 LEd2d 203 (2007); and Gall v United States, 552 US ___, 127 SCt 586, 169 LEd2d 445, 455-463 (2007), the Movant respectfully requests that this Honorable Court resentence him lowering his Base Offense level pursuant to Amendment 706.

Respectfully submitted,

Armando Silvestre

Silvestre Contreras Armando
Register No: 14857-014
Federal Correctional Institution
P.O. Box 52020
Bennettsville, SC 29512-5220

Dated:   March    , 2008.

(8)

PROOF OF SERVICE

I, Silvestre Contreras Armando, under the penalty of perjury, hereby declares that I mailed a true copy of Motion to Reduce Pursuant to 18 U.S.C. §3582(c)(2) and Proof of Service to:

United States Attorney
United States Attorney's Office
141 Church Street
New Haven, CT 06310

by placing the same in a sealed envelope fully addressed with postage prepaid thereon and handing the same to the Mailroom Staff here at the Federal Correctional Institution located in Bennettsville, South Carolina, for "Legal Mail" handling on this ____ day of March, 2008.

_Armando Silvestre_
Silvestre Contreras Armando

(9)